KIECKHEFER CONTAINER COMPANY, PROSECUTOR, v. THE UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, ITS BOARD OF REVIEW, AND FREDERICK R. AURICH, DEFENDANTS.

Argued May 8th, 1940—Decided June 13, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *French, Richards & Bradley* and *Blaine E. Capehart.*

For the defendants, *Clarence F. McGovern.*

The opinion of the court was delivered by

DONGES, J. This case involves the same questions as are presented in the case of this prosecutor *v.* Bowen et al., 125 *N. J. L.* 52.

The testimony is persuasive that Aurich did not belong to any labor union; that he did not participate in or contribute to the union or the dispute which caused the stoppage of work at the prosecutor's plant. What was said in the Bowen case touching disqualification of employes to benefits under *R. S.* 43:21-5 (d) (1) by reason of a direct interest in the labor dispute causing the stoppage of work applies to this case. We conclude that Aurich was not disqualified by reason of any of the factors relating to the stoppage of work.

Was his employment of the same grade or class as others who did cause or participate in the strike?

Aurich was originally classified as a "slitter feeder." The testimony is that for some months he had not been engaged in this work and that he was doing odd jobs, having been engaged in ten different kinds of work for the five weeks immediately preceding the date of the labor dispute. The testimony further indicates that this last employment was held by him alone and that he could not reasonably be put in a grade or class with others. The prosecutor introduced a written summary of his work from April 1st, 1939, to May 6th, 1939, the date of suspension of work, by which it clearly appears that he was engaged in no regular graded work, nor does it appear that others were engaged in the same kinds of work as Aurich, that is, shifting to the particular jobs he did. He appears to have been in a class by himself, so far as the work he performed was concerned. There may have been others serving as utility men, but Aurich's testimony that he was the only one doing the odd jobs that he did was uncontradicted. If Aurich is classified as a "utility man" the Board of Review held that utility men did not participate in the dispute. And this seems to be a warranted conclusion.

We conclude, therefore, that he was not disqualified by reason of being in a class or grade which participated in the strike. As stated in the Bowen case, the work of this claimant did not put him in the class of production workers, all of whom were disqualified for the benefits herein involved.

We conclude that the decisions and judgments under review must be affirmed. The writ of *certiorari* is dismissed, with costs.