## WALTER V. MURASKI, PROSECUTOR, v. BOARD OF REVIEW OF THE UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY ET AL., DEFENDANTS.

Submitted May 6, 1947—Decided January 23, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Lawrence Friedman.*

For the defendant Board of Review, *Clarence F. McGovern.*

The opinion of the court was delivered by

HEHER, J.  *Certiorari* was granted to review the judgment of the Board of Review of the Unemployment Compensation Commission holding that prosecutor was ineligible for benefits under section 4(c) of the Unemployment Compensation Act, as amended by chapter 114 of the laws of 1941 (*Pamph. L., p.* 257), which provides that an individual totally or partially unemployed shall be eligible to receive such benefits only if it appears that "(c) He is able to work, and is available for work." *R. S.* 43:21–4(c), as amended.  This conclusion was made to rest upon the finding that although the claimant asserts a readiness and willingness to work, he "has withdrawn his services in that occupation in which he was able to earn

the wage he feels he must have and brings to the labor market insufficient experience in the newer type of work he seeks to enable him to command that figure," and so he "is not available for work within the meaning of the law."

The insistence is that there is no factual basis for the finding, and that by force of *R. S.* 43:21–5(c), as amended, the ineligibility arises only when the claimant has "failed to apply for work when directed to do so, or has refused work offered to him." The point is not well made.

The claimant commenced work with the employer in 1939 as a laborer, at a wage rate of 65 cents per hour. In 1944, because of physical disability which, he contends, made outdoor service inadvisable, he was given work in the employer's office as a general clerk-timekeeper. When his employment ceased on December 13th, 1945, his wage rate in this capacity was $1 per hour. There was no further need for his services as a clerk-timekeeper; and the employment terminated because of his refusal to accept an assignment to outdoor work. This course was taken, he said, for reasons of health. Thereupon, he registered for work in the federal employment office, and made the present claim for unemployment benefits. But he made no effort during the winter to secure employment and for three months (from April 11th, 1946) he worked outdoors daily for six or seven hours, painting his house; and he testified that he had determined to take only "an office job" with a minimum rate of pay of $1 per hour, or "around that," but there was no work of that type available except at a weekly wage ranging from $28 to $35. And he spurned such employment because he feared that its acceptance would deny him the opportunity to seek work at a higher rate of pay. In his notice of appeal to the defendant Board of Review, he said that, although he "was on the lookout for work by looking through newspaper ads," he "found nothing available to" his "standard of previous pay." He was still unemployed on September 12th, 1946, when the Board of Review heard the appeal. He is also a skilled "woodworking machinist."

Thus, the claimant unduly restricted his availability for employment in the area open to him. He rendered himself

unavailable for suitable work in the only market at his command; and so it did not appear that he was available for work in the sense of the statute. The expressed policy of the act is the relief of "involuntary unemployment" (*R. S.* 43:21–2); and to qualify for benefits it is essential that it appear that the claimant is "able to work" and "available for work." The claimant here did not meet this test. His unemployment was voluntary. Compare *W. T. Grant Co.* v. *Board of Review,* 129 *N. J. L.* 402. The availability requirement is satisfied "when an individual is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market." *Reger* v. *Administrator,* 132 *Conn.* 647; 46 *Atl. Rep.* (2d) 844. This is a condition prerequisite. Section 43:21–5(c), *supra,* plainly has reference to disqualification for benefits for a specific affirmative act therein set forth; and the disqualification is for a definitely fixed period. The terms "eligibility" and "disqualification" are not used in the same sense. Section 4(c) relates to a status indispensable to the operation of the act; section 5(c) to a particular disqualifying act.

The writ is dismissed, but without costs.