[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 164 
The Board of Review of the Unemployment Compensation Commission determined that plaintiff, Anna Valenti, was eligible for one month's benefits and ineligible thereafter, on the ground that she had refused suitable employment without good cause. Plaintiff appeals from the Board's determination.
The appeal is submitted on a stipulation of facts, which may be summarized as follows: Plaintiff worked for a period of twenty-three years in the trade of hand sewing and finishing men's coats; she was employed by A. Di Paola and Company as a home worker from 1945 until October 11, 1947, when her employer, as a matter of business policy, discontinued all home work and simultaneously offered her employment in its factory; contributions to the Unemployment Compensation Commission fund were regularly deducted from her wages; Mrs. Valenti refused to accept proffered *Page 165 
employment at the factory because, when she rides in a motor vehicle, she becomes highly nauseous, frequently bringing about violent sickness, and resulting in a highly nervous state, thus preventing her from working in a shop or factory; she walks with difficulty and is unable to cover the approximate mile and one-half which separates her home from the factory; she made efforts to find home work employment "which, for the reasons already mentioned, is the only kind of work she can do;" that she registered as "ready, willing and able to accept and perform home work at the United States Employment Service; but to date of this stipulation, employment has not been obtained for her;" on August 12, 1947, she filed a claim for benefits and after hearings, the Board of Review held that she was eligible for one month's benefits and ineligible thereafter; there are only two employers of home workers in the Camden area where Mrs. Valenti resides, one of which employed two home workers and the other only one.
The question to be decided here is: Did Mrs. Valenti establish that she was able to and available for work and thus eligible for unemployment compensation benefits, as prescribed by R.S.
43:21-4 (c)? Appellant contends that under the stipulation of facts the only suitable work she is capable of performing, by reason of her admitted physical infirmities, is home work; that the proffered factory employment was not suitable in view of her physical incapacity to perform it, as conceded by the Board in the factual stipulation; that she is able and willing to do home work, to which she is accustomed and which she has pursued for many years until laid off by her former employer; that she has registered for that type of employment and has at all times made herself available for such employment; that she has good cause for refusing the factory work offered her and that she was entitled, therefore, to benefits for the period fixed by the statute, unless she sooner secured further employment. The Board contends that Mrs. Valenti was paid all benefits to which she was entitled and, having failed to accept employment at the factory or other suitable employment by the end of the month's period of benefits paid to her, she was thereafter ineligible on *Page 166 
the ground that she had "so restricted her availability as to make herself unavailable for work and ineligible for benefits within the purview of R.S. 43:21-4 c." We are of the opinion that the Board erred in its determination.
It should be borne in mind that the public policy upon which our unemployment compensation statute is built is intended to insure a diligent worker against the vicissitudes of enforced unemployment not voluntarily created by the worker. It has been recognized that unemployment compensation acts should be liberally construed to accomplish this result. While unemployment compensation statutes were designed primarily to relieve the distress of those who find themselves without employment, they are not intended to enable an employee to leave his work without cause and be entitled to unemployment benefits, or to entitle an employee, whether he quit his job voluntarily or involuntarily, to benefits after his refusal without just cause thereafter to accept employment. R.S. 43:21-2, declares the public policy which we are called upon to use "as a guide to the interpretation and application" of the unemployment statute. It appears, therefore, that the determining factor, in deciding whether plaintiff was entitled to further benefits, is, did she have "good cause" to refuse the proffered employment at the factory and was that kind of work "suitable" in view of her limited physical capacity. Whether the factor of good cause is present must be determined from the facts of each case. R.S. 43:21-5 (c-1) provides that:
"In determining whether or not any work is suitable for an individual, consideration shall be given to the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence."
Under the statute, plaintiff was obviously not entitled to further benefits unless the facts establish that she had good cause for refusing the work at the factory or that it was not suitable in view of her physical condition. At the argument, counsel for the Board conceded that Mrs. Valenti was acting *Page 167 
in good faith in her contention that she cannot perform any other work than home work, but still contended that, in view of the limited labor market in the Camden area for home workers, she could not so narrowly restrict her availability for re-employment and at the same time be eligible for unemployment compensation benefits. The factual situations in the cases cited by the Board in support of its contention that Mrs. Valenti was ineligible for benefits distinguish them from the case sub judice. In the case of Muraski v. Board of Review of U.C.C., 136 N.J.L. 472
(Sup. Ct. 1948), Mr. Justice Heher clearly stated the proper construction to be applied to the availability requirement, when he stated:
"* * * The expressed policy of the act is the relief of `involuntary unemployment' (R.S. 43:21-2); and to qualify for benefits it is essential that it appear that the claimant is `able to work' and `available for work.' The claimant here did not meet this test. His unemployment was voluntary. Compare W.T.Grant Co. v. Board of Review, 129 N.J.L. 402. The availability requirement is satisfied `when an individual is willing, able, and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market.' Reger v. Administrator, 132 Conn. 647;46 A.2d 844."
The Board contends that plaintiff, by reason of her restricted type of work and the limited amount of employment for home workers in the Camden area, is not genuinely attached to the labor market. The facts here do not support the Board's contention. The proper test as to the availability of an individual under our Unemployment Compensation Act necessitates a description of the labor market in terms of the individual. When there is a market for the type of services the individual offers then a labor market exists — it does not necessarily mean that job vacancies must exist. To give effect to the general purpose of unemployment compensation requires that the person be compensated for lack of an appropriate job vacancy. Reger v.Administrator, supra. The court, in the case of Reger v.Administrator, supra, cited with approval by Mr. Justice Heher in Muraski v. Board of Review of U.C.C., supra, discussing the question of "labor market" in connection with the availability requirement, stated: *Page 168 
"* * * The decisive question * * * is: Was there a market for the type of services the plaintiff could perform in the area where she was? The fact that there are more persons in the areaqualified for a certain type of position than there are positionsof this kind to be filled does not necessarily negative theexistence of such a market. The question is not whether theplaintiff has a reasonable opportunity to get work of the kindshe can do, but whether there is a `labor market' for suchwork." (Italics ours.)
A review of the pertinent decisions in this and other states where the uniform unemployment compensation law has been adopted, discloses only one case that is analogous to the one under review, namely: Department of Labor and Industry et al. v.Unemployment Compensation Board of Review, 159 Pa. Super. 571,49 A.2d 259 (Pa. Super. Ct. 1946). The employee there was declared to be eligible for benefits notwithstanding the fact that she refused employment at a plant where she had formerly worked on the ground that the only available job was on a piecework basis, which she could not undertake because it made her nervous, the court holding that the evidence supported the finding that the claimant was entitled to benefits and in construing the eligibility provision of the Pennsylvania Act, substantially the same as the New Jersey Act, stated:
"* * * The claimant's `physical fitness' is one of the tests of suitable employment, work is suitable only if the employe is capable of performing it, and the board is warranted in concluding that a claimant was justified by a good cause when in good faith he refuses work of a kind which actual experience in it has proven to be unsuitable for him. We again remind the unemployment compensation authorities that the indispensable ingredient of good cause is good faith."
In view of the admitted physical conditions which restricted plaintiff's employment to home work, we find that the work at the factory offered her was not suitable, that she had good cause to refuse it and her inability to obtain other employment as a home worker entitled her to the benefits she claimed.
The judgment of the Board of Review is reversed. *Page 169