Plaintiff appeals from the decision of the Board of Review, Unemployment Compensation Commission of New Jersey, holding she was disqualified for benefits under the act, R.S. 43:21-1 etseq., from April 29, 1946, to November 17, 1946.
The Board of Review, now known as the Board of Review of the Division of Employment Security of the State Department of Labor and Industry, after hearing, found she was a member of the union involved in a labor dispute and became unemployed due to that dispute; that as a member of the labor union she was directly interested in the dispute and disqualified for benefits underR.S. 43:21-5(d).
Plaintiff was employed by the Mack Manufacturing Corporation as one of a class of at least six cost clerks whose job was to type expense requisitions. She was assigned to figuring and typing the requisitions throughout the plant. It was admitted on the argument that the Mack Manufacturing Corporation *Page 561 
was an open shop, membership in a labor union not being a prerequisite to employment therein. She voluntarily joined the union, obeyed the directions of its officials, and paid dues until a strike was called on April 29, 1946. As a result of the strike there was a stoppage of work until November 17, 1946. None of the workers paid union dues during the period of the strike. She did not resign from the union or terminate her employment when the strike was called. She contends she was involuntarily unemployed for the period in question. She says she did not attend the union meeting at which the strike was voted, she did not picket, participate in or finance the strike; in fact she says she was not directly interested in the dispute, had no desire to strike or to stop work, and such a course of conduct was against her will; that she sought but could not find employment elsewhere.
We agree with the conclusion reached by the Board of Review.
R.S. 43:21-5(d) provides:
"An individual shall be disqualified for benefits: * * *
"(d) For any week with respect to which it is found that his unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed; provided, that this subsection shall not apply if it is shown that:
"(1) He is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work; and
"(2) He does not belong to a grade or class of workers of which, immediately before the commencement of the stoppage, there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute; * * *."
To be relieved from the disqualification contained insubsection (d) plaintiff must prove all of the conditions set forth in (1) and (2) thereof, namely, (a) that she did not participate in the labor dispute; (b) that she did not finance the dispute; (c) that she was not directly interested therein, and (d) that she did not belong to a grade or class of workers *Page 562 
at the plant, any of whom were participating in or financing or directly interested in the dispute. Johnson v. Pratt,200 S.C. 315, 20 S.E. 865, at 877; Polson Mills Case,143 P.2d 316.
Assuming for the moment she demonstrated she did not participate in or finance the dispute, she failed to show (c) she was not directly interested therein, and (d) that none of the members of her grade or class at the plant participated in or financed or were directly interested in the dispute. On the contrary, at times actions speak louder than words. The dispute affected wages, hours of work and general conditions of employment. From the proof we think it is fair to say she was willing to permit the union to act as her bargaining agent and to reap the benefits, if any, flowing from its success. She was, therefore, as a member of the union directly interested and directly involved in the labor dispute. Chrysler Corp. v.Smith, 297 Mich. 438, 298 N.W. 87.
It seems the statutes relating to unemployment compensation in most of the states, including our own, were adopted from the English statute, 10-11 George V, chapter 30 (1920), as amended 14-15 George V, chapter 30. A statute adopted from another country will be presumed to have been adopted with the construction placed upon it by the courts of that country before its adoption. Hopper v. Edwards, 88 N.J.L. 471; Taylor v.Rector, etc., Christ Church, 118 N.J. Eq. 288. Our attention has not been called to the opinion of any of the high British courts construing the English statute, but the Court of Referees and the British Umpire, the highest administrative agencies, have ruled that an individual is directly interested in the trade dispute when his wages, hours, or conditions of work will be affected favorably or adversely by the outcome.
The appellant relies heavily upon the cases of KieckheferContainer Co. v. Unemployment Compensation Commission of NewJersey, its Board of Review and John Bowen, 125 N.J.L. 52, andKieckhefer Container Co. v. Unemployment Compensation Commissionof New Jersey, its Board of Review and Frederick R. Aurich,125 N.J.L. 55. We think, *Page 563 
however, these cases are readily distinguishable on the facts from the case at bar and are not controlling. Neither Bowen nor Aurich were members of any labor union. Bowen at best was a utility man and Aurich an odd jobs man. It may fairly be said that each was in a class by himself. The former Supreme Court found that neither participated in or contributed to the union or were directly interested in the dispute which caused the stoppage of work.
The decision of the Board of Review under appeal is affirmed.