277 P.2d 1010

James A. BEAMAN, John M. Sakrison and John H. Curnutte, as members of and constituting the Employment Security Commission of Arizona, Appellant,

v.

SAFEWAY STORES, Inc., Appellee.

No. 5903.

Supreme Court of Arizona.

Dec. 28, 1954.

196

Ross F. Jones, Atty. Gen., and D. Kelly Turner, Sp. Asst. to Atty. Gen., for appellant.

Snell & Wilmer, Phoenix, for appellee.

WINDES, Justice.

On March 7, 1952, following negotiations with their employers (operators of food markets in Tucson), members of the meat cutters union (Amalgamated Meat Cutters and Butcher Workmen, Local No. 109) left their work and went on strike. Picket lines were established at the food markets of the different employers, among them Safeway Stores, Inc., hereinafter designated appellee. During the progress of the strike, appellee kept open several of its stores and continued to operate therein the

part of its business relating to retail selling of groceries, which was located on the same premises as the meat department at each store. Certain employees of the grocery departments, hereinafter called claimants, who were members of another union, refused to cross the picket lines and made application under the provisions of the Unemployment Security Act for unemployment compensation during the period they were off work.

The Employment Security Commission allowed benefits to claimants and approved findings and conclusions of its special deputy in effect: (1) That the meat department and grocery department of appellee at the stores where claimants were employed were separate branches of work and should be treated as separate establishments on separate premises; (2) That there was a stoppage of work in the meat department; (3) That there was no stoppage of work in the grocery department; (4) That claimants participated in the strike by their refusal to cross picket lines; and (5) That claimants were not disqualified to receive compensation benefits because there was no stoppage of work at the establishment where they were last employed, i. e., the grocery department.

Appellee filed in the superior court of Maricopa county a petition for judicial review of the commission's decision. The lower court ruled that the claimants were not entitled to benefits upon the following grounds:

(1) That they voluntarily left their employment without good cause within the meaning of section 56–1005(a), A.C.A. 1939, as amended, section 5, chapter 124, Laws 1941;

(2) That they refused to accept suitable employment as required by section 56–1005 (c), A.C.A.1939, as amended, section 5, chapter 124, Laws 1941; and

(3) That they were unavailable for work under the provisions of section 56–1004(c), A.C.A.1939, as amended, section 4, chapter 124, Laws 1941.

The compensation allowed by the commission having already been paid, the court below rendered judgment reversing the commission and directing that appellee should not be charged with the benefits so paid. The commission appeals, taking the position that when there exists a fact situation which warrants the application of one ground for disqualification or ineligibility, that and only that ground is the one which may be used. In other words it is claimed that the respective grounds for disqualification are mutually exclusive and since subdivision (d) of section 56–1005, supra, is applicable, no other may be applied by the court.

The approach to the problem calls for a consideration of the over-all purpose of the act and then, if possible, a giving effect to all provisions to the end that they shall operate without confusion. If possible, we should find a logical purpose and reason for all its provisions. There can

be no question but that the central overall purpose intended to be accomplished by the entire act is to allow compensation for a limited period of time to those capable of working and available for work who are involuntarily unemployed through no fault of their own. Section 56–1001, A.C.A.1939, as amended, section 1, chapter 124, Laws 1941. Those incapacitated for any work, those not incapacitated but not available for work or those not working through some fault of their own cannot draw compensation. Incapacity and unavailability are matters of eligibility under the provisions of section 56–1004, supra, and so long as such status prevails, there are no conditions under which one can draw compensation. Bliley Electric Co. v. Unemployment Compensation Board of Review, 158 Pa.Super. 548, 45 A.2d 898. One becoming unemployed through some fault of his own is not necessarily ineligible but may be disqualified under the provisions of section 56–1005, supra. Dan River Mills, Inc. v. Unemployment Compensation Commission, 195 Va. 997, 81 S.E.2d 620.

▆▆ When unemployment occurs, we become primarily concerned with the cause of such unemployment in deciding whether the claimant is entitled to compensation. If the primary cause is ineligibility under the provisions of 56–1004, supra, that should be the basis of denying compensation; if the primary cause be disqualification for one of the reasons set forth in 56–1005, supra, that should be the basis of

withholding compensation as prescribed. Ineligibility and disqualification as used in the act do not mean the same thing and are not intended to be applicable to the same conditions. Eligibility relates to "a status indispensable to the operation of the act" whereas disqualification refers to a limited deprivation of benefits because of a specific affirmative act. Muraski v. Board of Review, etc., 136 N.J.L. 472, 56 A.2d 713, 714; Krauss v. A. & M. Karagheusian, Inc., 13 N.J. 447, 100 A.2d 277. In dealing with a period of unemployment one ineligible can receive no compensation so long as such status continues; one merely disqualified can receive no compensation for the limited portion of such period of unemployment prescribed by the subdivision of the statute which prescribes the grounds for disqualification (for voluntarily leaving without good cause under subdivision (a), five weeks; for refusing to accept suitable employment under subdivision (c), not to exceed six weeks). If the facts place the claimant in the category of ineligibility, there is no occasion nor justification for invoking the disqualification provisions. Disqualification assumes eligibility and the provisions concerning disqualification have no application to one unless he is otherwise eligible. Swanson v. Minneapolis-Honeywell Regulator Co., Minn., 61 N.W.2d 526.

▆ We do not believe the court was correct in finding the claimants ineligible because of unavailability for work. Gen-

erally, the courts test whether one is available for work by whether the claimant is able, willing and ready to accept suitable work which he does not have good cause to refuse and is genuinely attached to the labor market. Muraski v. Board of Review, supra; Reger v. Administrator, Unemployment Compensation Act, 132 Conn. 647, 46 A.2d 844.

■ This does not mean necessarily that there are no possible conditions under which one may be considered available although not willing to accept certain suitable employment. Stated another way, he is eligible even if he refuses to accept suitable work without good cause if such refusal does not effectively remove his services from the labor market. If the refusal is for a cause and upon such conditions as so restrict his willingness to work that his services are rendered unmarketable, he has removed himself from the labor market and is ineligible. Unemployment Compensation Commission v. Tomko, 192 Va. 463, 65 S.E.2d 524, 25 A.L.R.2d 1071. In the event such refusal merely limits the field of suitable work which he will not accept to an individual employer, he might be disqualified but he could not be said to be unavailable and removed from the labor market unless the circumstances warrant the conclusion he is unwilling in general to accept suitable work.

■ In the instant case all the claimants did was to refuse to work for one employer because of the existence of a picket line. A finding that such claimants were for this reason alone removed from the labor market and unavailable was not warranted.

■ It will be observed that the commission found claimants not disqualified by invoking the provisions of section 56–1005(d), supra, which it contends is exclusive and controlling. This subdivision so far as applicable to the problem here presented reads as follows:

"An individual shall be disqualified for benefits:

\*       \*       \*       \*       \*       \*

"(d) For any week with respect to which the commission finds that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute, strike or lockout at the factory, establishment, or other premises at which he is or was last employed. \*  \*  \*"

The commission found as a fact the grocery departments where claimants were employed were separate establishments from the meat departments. This finding is not contested by appellee so we accept it as correct. In view of this finding, we are unable to see how section 56–1005(d), supra, can have any application. Before this section can be invoked in determining qualification or disqualification, the claimants must have been last employed at the establishment involved in the labor dispute.

Nordling v. Ford Motor Company, 231 Minn. 68, 42 N.W.2d 576, 28 A.L.R.2d 272. Claimants were employed in the separate grocery establishments, which establishments had no labor dispute with claimants or their union. While we recognize that if the commission has sufficient evidence to support its findings of the cause of unemployment, the court has no power to disturb the same, Beaman v. Bench, 75 Ariz. 345, 256 P.2d 721; Milne Chair Co. v. Hake, 190 Tenn. 395, 230 S.W.2d 393, subdivision (d) of section 56–1005 is applicable only to employees of the establishment involved in the dispute. Since there was no labor dispute at the establishment where claimants were employed, there is no factual basis for the application of subdivision (d) and the commission erroneously decided the matter upon such ground.

As stated, in addition to finding the claimants ineligible because not available for work, the court found them disqualified to receive compensation because they voluntarily left their employment within the meaning of section 56–1005(a), supra, and because they refused to accept suitable work within the meaning of section 56–1005(c), supra.

■■■■■ The principal and dominant cause of claimants' unemployment was voluntarily leaving their work without good cause. We have held that failure to cross a picket line under the circumstances here-in was a voluntary leaving without good cause and disqualified one for compensation. Mountain States Tel. & Tel. Co. v. Sakrison, 71 Ariz. 219, 225 P.2d 707. The court was therefore correct in denying compensation for this reason. Under such circumstances the subsequent failure to return over the picket line was an incidental result flowing from the primary cause of unemployment and was not in itself the cause. The court incorrectly attributed this period of unemployment to failure to accept suitable work. An attempt to apply the latter simultaneously as a cause of this period of unemployment is to ascribe an additional cause for an unemployment which already exists for another reason. It was never intended that dual grounds for causing unemployment be applied simultaneously. This only results in uncertainty and confusion.

It does not appear from the record how long these claimants were unemployed. We know not whether it extended beyond the penalty period provided for voluntarily leaving employment and are, therefore, unable to say the court's use of the multiple provisions of the act are prejudicial, and for this reason the judgment is affirmed.

PHELPS, C. J., and LA PRADE and UDALL, JJ., concur.

STANFORD, Justice (dissenting).

I cannot agree with the conclusion of the majority opinion. The trial court had

202

the power to overturn the decision of the Commission if it contained an error of law. Section 56–1011n(7), A.C.A.1939, as amended, 1952 Supplement. The Commission found that claimants in this case were eligible for compensation and were not disqualified by any of the provisions of Section 56–1005, A.C.A.1939, as amended, 1952 Supplement. They were not disqualified by subsection (d), which pertains to labor disputes, because there was no labor dispute at the place of their employment. There was no disqualification under subsection (c), which pertains to failure to accept suitable work, because that clause is applicable only to cases here the unemployed individual fails to commence an employer-employee relationship where none previously exists—it does not apply to a refusal to continue work for an employer. There was no disqualification under subsection (a), which pertains to voluntary quits, because the claimants left their work for a good cause. The picket line is a recognized weapon of the laboring man and when a worker violates it, he disgraces himself in the eyes of his fellow workers. An employer who hires union workers is well aware of this fact. I do not think that the voluntary quit clause applies to the instant situation.

There being no error of law in the decision of the Commission, I think the judgment should be reversed and the decision of the Commission upheld.