375 P.2d 380

**VARIOUS CLAIMANTS AND CONSTRUC-TION UNIONS, Appellants,**

v.

**EMPLOYMENT SECURITY COMMISSION OF ARIZONA, and National Mechanical Contractors Incorporated, Morgan Electric Company, and Merritt-Chapman & Scott Corp'n (Employers-Respondents), Appellees.**

No. 7359.

Supreme Court of Arizona,

En Banc.

Oct. 17, 1962.

Minne & Sorenson, by A. D. Ward, Phoenix, for appellants.

Robt. W. Pickrell, Atty. Gen., and Richard J. Daniels, Asst. Atty. Gen., for Employment Security Commission of Arizona.

Shimmel, Hill, Kleindienst & Bishop, by Daniel F. Gruender, Phoenix, for Merritt-Chapman & Scott Corporation.

Richard G. Kleindienst, Phoenix, for appellees.

UDALL, Vice Chief Justice.

Appellants' claims for unemployment compensation were denied by the Employment Security Commission on the grounds of disqualification under the provisions of A.R.S. § 23–777. They petitioned the Superior Court for review of the Commission's decision, and the decision was affirmed by that court. They now appeal from that ruling.

The findings of fact by the Commission reveal that five of the unions representing employees of the Merritt-Chapman & Scott Corporation, a contractor on the Glen Canyon Dam Project at Page, Arizona, went on strike on July 6, 1959, and remained on strike for a number of months thereafter as a result of a dispute over certain expense allowances. Appellants, operating engineers, were not members of any of these five unions and at that time were not directly interested in the issue in dispute. Nevertheless, they refused to cross the peaceful picket lines formed by the striking unions and remained away from their jobs. They seek compensation for the period they were unemployed as a result of their refusal to return to work.

These claimants do not argue that they were not disqualified for benefits altogether. But they contend that disqualification should have been under A.R.S. § 23–775(1) where disqualification is only for a five week period rather than A.R.S. § 23–777(A) where disqualification is for the duration of the "labor dispute, strike, or lockout." A.R.S. § 23–775(1) relates to disqualification of claimants who have "left work voluntarily without good cause." A.R.S. § 23–777(A) reads:

"An individual shall be disqualified for benefits for any week with respect to which the commission finds that his total or partial unemployment is due to a labor dispute, strike or lockout which exists at the factory, establish-

ment or other premises at which he is or was last employed. This provision shall not apply if it is shown to the satisfaction of the commission that the individual is not participating in, financing or directly interested in the labor dispute, strike or lockout or that he does not belong to a grade or class of workers of which, immediately before the commencement of the labor dispute, strike or lockout, there were members employed at the premises at which the labor dispute, strike or lockout occurs, any of whom are participating in or financing or directly interested in the dispute, strike or lockout. * * *"

■ The principal determination we must make is whether the claimants by refusing to cross the picket line were participants in the strike or dispute. Because the disqualification sections are exclusionary of each other such a finding would make it unnecessary for us to consider A.R.S. § 23-775 in light of the facts of this case. W. R. Grace & Co. v. California Employment Commission, 24 Cal.2d 720, 151 P.2d 215. Also, if it is found that their refusal in and of itself made them participants, it is not necessary for us to decide whether or not they were participants "directly interested" in the dispute. This precise question has not been decided by this court before. However, the weight of authority in other jurisdictions answers our inquiry in the affirmative. In Washington state where a statute very similar to ours has been enacted, the Supreme Court said in a case like the one before us:

"It is obvious that such a refusal does constitute participation, since by so refusing to work the persons are adding their strength to the cause of the strikers, who are then put in a better bargaining position when the entire plant is shut down than when their branch of it has stopped only a portion of the operations. The refusal to pass through the lines under the circumstances present in the case at bar disqualified the workers." In re Persons Employed at St. Paul & Tacoma Lumber Co., 7 Wash.2d 580, 110 P.2d 877 (1941).

See Schooley v. Board of Review, 43 N.J. Super. 381, 128 A.2d 708 (1957) and the cases collected therein at page 710; Appeals of Employees of Pacific Tel. & Tel. Co., 31 Wash.2d 659, 198 P.2d 675 (1948); Baldassaris v. Egan, 135 Conn. 695, 68 A.2d 120 (1949); Bodinson Mfg. Co. v. California Employment Commission, 17 Cal. 2d 321, 109 P.2d 935 (1941).

Judge Traynor of the California Supreme Court in a case closely in point and with

**186**

two provisions under consideration similar to the ones before us said:

"* * * [I]t was not essential to disqualification that a dispute exist directly between the longshoremen and the employers; if the former left their work because of the dispute between the employers and the ship clerks, they in effect made the latter dispute their own and are within the disqualification." W. R. Grace & Co. v. California Employment Commission, supra, 151 P.2d at 222.

The claimants there contended that they were disqualified instead under a provision regarding the voluntary leaving of a job "without good cause." The court held that disqualification imposed by that section was not applicable where claimants were subject to disqualification under the provision governing participation in a labor dispute. W. R. Grace & Co. v. California Employment Commission, supra.

▆ We find this list of authorities as well as the arguments they advance very convincing. Claimants in this case, by refusing to cross the picket lines created by their fellow workers and sister unions, made the dispute of these others their own and actively participated in the strike.

Several cases decided by this court have been cited by the parties as controlling in this decision. However, they are distinguishable from the case before us. The earliest opinion of a series to which we are referred is Mountain States Tel. & Tel. Co. v. Sakrison, 71 Ariz. 219, 225 P.2d 707 (1950). An examination of that decision reveals that the court was faced with defining the term "establishment" and the term "stoppage of work" as it appeared in A.C.A.1939 § 56–1005(4), the predecessor to A.R.S. § 23–777. The issue of claimant's participation in the strike was not discussed.[1] It is true that some of the claimants in that case refused to cross picket lines after their company and union resumed operations and were disqualified under the provision governing leaving work "voluntarily without good cause." But note that the picket lines which claimants, employees of Mountain States Tel. & Tel. Co., refused to cross were sponsored by employees of Western Electric Co. No ruling was made as to why disqualification was not based on their participation in the strike. But from the emphasis of the opinion we could conclude that the dispute was at an "establishment" not that of claimant's last employment.

1. "There is no question here as to the exceptions, i. e., as to the claimants participating in * * * the labor dispute * * *. Hence such claimants can qualify only for benefits if there was no work stoppage." Mountain States Tel. & Tel. Co. v. Sakrison, 71 Ariz. 219, 225 P.2d 707 (1950).

This court in Beaman v. Safeway Stores, 78 Ariz. 195, 277 P.2d 1010 (1954) held that A.C.A.1939, § 56–1005(4) [the predecessor of A.R.S. § 23–777(A)] was not controlling where employees of a grocery department refused to cross the picket lines of employees of the meat department. The decision rested upon the determination that the two different departments were separate establishments. Therefore, the grocery people were not unemployed because of a labor dispute "at the establishment * * * at which [they] were last employed." The court did not have to deal with the precise question of whether refusal to cross the picket lines constituted participation in the strike. They said:

"* * * We have held that failure to cross a picket line *under the circumstances* herein was a voluntary leaving without good cause and disqualified one for compensation." (Emphasis supplied.) Beaman v. Safeway Stores, supra, 78 Ariz. at 201, 277 P.2d at 1014.

Vickers v. Western Electric Co., 86 Ariz. 7, 339 P.2d 1033 (1959) turned on the matter of ineligibility for benefits under A.R.S. § 23–771 as distinguished from disqualification for benefits under A.R.S. § 23–777. Claimants there failed to carry the burden of proof that they were "available for work" within the meaning of A.R.S. § 23–771 and thereby eligible for benefits.

It was an evidentiary question and this court found it unnecessary to rule on the disqualification issue. Vickers v. Western Electric Co., supra, 86 Ariz. at 13, 339 P.2d 1033. An identical ruling is found in Vickers v. American Tel. & Tel. Co., 86 Ariz. 13, 339 P.2d 1037 (1959).

Appellants argue that refusal to cross the picket line was only an incidental result of a primary cause of unemployment. But the only primary cause they advance is that they left work "without good cause." There is no evidence that there was no work to do, that they feared reprisal from their unions, or that there was some other reason for their behavior. Their position involves circumlocutory reasoning and, without more evidence, fails to convince this court, as apparently it failed to convince the special deputy who conducted the hearing and the Superior Court which reviewed them, that the unemployment was not "due to a labor dispute." The burden to prove the right to a claim is on the parties making the claim. Vickers v. Western Electric Co., supra, 86 Ariz. at p. 11, 339 P.2d 1033. The commission need not advance affirmative proofs of its own to support findings against the claimants. Employees of Polson Lumber & Shingle Mills, 19 Wash.2d 467, 143 P.2d 316 (1943); In re Anderson, 39 Wash.2d 356, 235 P.2d 303 (1951); Wasyluk v. Mack Mfg. Corp., 4

188

N.J.Super. 559, 68 A.2d 264 (1949); Schooley v. Board of Review, etc., 43 N.J. Super. 381, 128 A.2d 708 (1957); Lanyon v. Administrator, Unemployment Compensation Act, 139 Conn. 20, 89 A.2d 558 (1952); Reese v. Hake, 184 Tenn. 423, 199 S.W.2d 569 (1947); Haynes v. Unemployment Compensation Commission, 353 Mo. 540, 183 S.W.2d 77 (1944); Andreas v. Bates, 14 Wash.2d 322, 128 P.2d 300, 148 A.L.R. 1315 (1942). The wording of A.R.S. § 23–777 providing that "This provision shall not apply *if it is shown to the satisfaction of the commission* that the individual is not participating in * * * the labor dispute, strike or lockout" itself puts the burden of proof on the claimants. (Emphasis supplied.) See Employees of Polson Lumber & Shingle Mills, supra. The Commission was not satisfied and we are not free to alter their findings of fact where there is substantial grounds to support their position. Further there is no evidence that they acted arbitrarily or capriciously. Beaman v. Safeway Stores, supra, 78 Ariz. at 201, 277 P.2d 1010; In re Persons Employed at St. Paul & Tacoma Lumber Co., supra.

The judgment of the Superior Court is affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS, and LOCKWOOD, JJ., concur.