478 P.2d 109

**EMPLOYMENT SECURITY COMMISSION**
**of Arizona, Appellant,**

**v.**

**James T. DOUGHTY, Appellee.**

**No. I CA–CIV 1163.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 23, 1970.

Rehearing Denied Jan. 20, 1971.

Review Denied Feb. 23, 1971.

Gary K. Nelson, Atty. Gen., by James A. Tucker, Asst. Atty. Gen., for appellant.

Hash, Cantor & Tomanek, by Virginia Hash and Alena Cantor, Phoenix, for appellee.

STEVENS, Judge.

James T. Doughty, herein referred to as the claimant, and his son were engaged in a wholesale electrical supply business. The business was organized as a corporation with the claimant and his son each holding 50% of the stock. The claimant was the president and his son was the vice-president. In 1965 the corporation filed for reorganization of the business under Chapter XI of the Federal Bankruptcy Act. The Court-appointed receiver decided that the number of employees of the business had to be reduced to one. The claimant continued on the payroll until 2 December 1965. The claimant was a divorced man. His son was a married man with two small children. Understandably, the claimant elected to permit his son to retain the sole position of employment. In our opinion, this humane and realistic decision did not constitute a voluntary termination of employment by the claimant.

On 6 December 1965 he filed a claim for unemployment benefits with the Employment Security Commission, the appellant here. On 22 December 1965 a claims deputy determined that the claimant was unavailable for work for an indefinite number of weeks beginning 28 November 1965.

The claimant appealed the deputy's determination, and an Appeal Tribunal hearing was held on 10 January 1966. The Appeal Tribunal affirmed the determination of the deputy that the claimant was unavailable for work beginning 28 November 1965, but limited the period of unavailability to six weeks through 8 January 1966.

The decision of the Appeal Tribunal was appealed to the Commission. After a hearing which was held on 27 April 1966, the Commission affirmed the Tribunal decision.

Pursuant to A.R.S. § 23–681, and on 6 July 1966, the claimant filed a petition for review from the decision of the Commission in the Superior Court for Maricopa County. Claimant paid a $15 filing fee in connection with his petition for review. The matter was submitted to the court on oral arguments and memoranda. On 16 May 1969 the judgment of the Superior Court was filed. The judgment reversed the decision of the Commission and awarded the claimant $258 in unemployment compensation benefits, being six weeks of

benefits at $43.00 a week, plus 6% interest from 8 January 1966 and $15 court costs. It is that judgment which is the subject of this appeal.

The Commission presents several issues to this Court. We address ourselves briefly to the question of whether the trial court exceeded its authority by awarding costs against the State, costs incurred as the result of payment of a filing fee.

■ The claimant is proceeding under the provisions of Title 23, Chapter 4, A.R.S., and when doing so an individual is exempted from being charged fees of any kind by the Commission or its representatives or by·a court or officer thereof by A.R.S. § 23–683. Since the filing fee was not required, it would not be a taxable cost.

A second issue was whether the Superior Court exceeded its authority by awarding interest on the unpaid six weeks of unemployment benefits. In view of our decision in this case, we decline to rule on that issue at this time.

There are two other questions which the Commission raises on appeal. The first of these is whether the trial court exceeded its authority by admitting additional evidence into the record.

The claimant was represented by an attorney for the first time at the review proceeding in the Superior Court. The attorney offered evidence before the court in the form of an identification card which the claimant was required to present at the Employment Security office when he reported each week. The card would then be initialed by the interviewer to show that the claimant had appeared. The attorney for the Commission objected to this exhibit and to the testimony laying the foundation for its admission into evidence. The testimony was received and the exhibit was admitted.

■ The presentation of evidence before the Superior Court on review of an Employment Security Commission decision is limited to cases wherein irregularities in procedure before the Commission, which are not shown in the record, have been alleged, and it may only be taken on the alleged irregularities. A.R.S. § 23–681, subsec. C. The statute does not contemplate a *de novo* hearing on review in the Superior Court. Miranda v. Beaman, 95 Ariz. 388, 391 P.2d 555 (1964). The review of the Superior Court, with the exception of the question of alleged irregularities in procedure before the Commission, is confined to the record which was made before the Commission. A.R.S. § 23–681, subsec. C.

■■ The Superior Court's minute entry order of judgment reflects that it considered the failure of the Commission to receive in evidence and considered the identification card as one of the irregularities in procedure before the Commission. We have reviewed the entire record of the administrative hearings and of the proceedings before the Superior Court. We may presume that the Commission was aware that the claimant had complied with the reporting requirements to establish his eligibility. The issue was not raised by the Commission at any stage. The card was not offered in evidence by the claimant before the Commission. While reporting to the employment office may be relevant to the issue of availability and actively seeking work, the claimant has the burden of proving his availability and the mere act of reporting gives him no procedural advantage in establishing the merits of his claim. Cramer v. Employment Security Commission of Arizona, 90 Ariz. 350, 367 P.2d 956 (1962). The absence of the card before the Commission was not an irregularity in procedure and its admission into evidence in the Superior Court was error.

■ In order to justify a reversal the error must be prejudicial to the substantial rights of the appellant. See State ex rel. Willey v. Whitman, 91 Ariz. 120, 370 P.2d 273 (1962). Prejudice will not be presumed but must appear from the record. Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30 (1939). Our review of the record does not reveal that the error was so prejudicial

that it would warrant a reversal and was harmless.

■ The fourth and critical issue is whether the Superior Court was correct in its determination that the Commission's decision was not supported by competent, material and substantial evidence and that there was sufficient evidence in the record to support an award of unemployment benefits for the period in question. We agree that there was not sufficient evidence to support a determination that the claimant was not actively seeking work, and therefore was not available for work within the standards set in Cramer. However, we cannot agree that there was sufficient evidence for the Superior Court to substitute its judgment for that of the Commission and award unemployment benefits. In conclusions of law reached after the hearing held on 27 April 1966, the Commission held that the claimant was concerned with establishing or re-establishing his own business during the period in question and that he had alleged contacts with other businesses but had not identified them. The Commission concluded that his actions during the period in question were merely a token search for work and that he was not available for work.

■ Our Supreme Court has announced that there is no hard and fast rule as to when a claimant is "available for work" and that it must be determined in light of the circumstances of each case. Cramer. The same test may not be applied to all claimants, regardless of their individual circumstances. This particular claimant was 57 years old when he was forced out of his own company. He had been in the electrical supply business since 1927 and at the management level since 1938. He testified that he had been associated with only two companies in Phoenix in the past 15 years. It is our opinion that under these circumstances this claimant was entitled to a reasonable time to explore the possibility that he would be able to return to the company in which he had so much

at stake. He was diligent in his efforts to do so and there was no undue delay in his attempts to be reemployed by that company. The record reveals that this period was no longer than two weeks.

The finding that his actions during the period in question were merely a token search for work cannot be supported by the record. The finding appears to be based on the fact that while the claimant made affirmative statements that he investigated employment possibilities during the period in question, he failed to identify his contacts or be specific as to the times the contacts took place. However, these statements standing alone would not support a finding that he was actively seeking work during that period.

■ In a strictly adversary proceeding the decision of the Commission would be upheld. The burden of proving his entitlement to benefits is upon the claimant. He must prove, by fair preponderance of the evidence that he has met the requirement of the statute as to eligibility. Vickers v. Western Electric Company, 86 Ariz. 7, 339 P.2d 1033 (1959). When the evidence weighs equally on both sides the claimant has failed to carry his burden of proof.

■ Proceedings before the Employment Security Commission are not a strictly adversary proceeding. The amounts involved are often small. The purpose of the proceedings is to gather sufficient information to enable the Commission to make a fair and intelligent decision upon the claim. While the Commission is not required to advance any evidence to disprove a claim, Various Claimants And Construction Unions v. Employment Security Commission Of Arizona, 92 Ariz. 183, 375 P.2d 380 (1962), we are of the opinion that there are circumstances in which it may be required to take more than a passive role in the fact finding process.

In Cramer the Arizona Supreme Court quoted with approval from Krauss v. A. &

**498**

M. Karagheusian, 13 N.J. 447, 456, 457, 100 A.2d 277, 282 (1953):

" * * * the matter of burden of proof must necessarily be viewed in the light of the superior position in which the statute places the agency to enable it to know and get the facts to assure the correct discharge of its duty properly to allow or disallow benefits.

* * * * * *

Plainly the statute casts upon the agency, as respects both original and appellate determinations, the role actively to press the interested parties to produce all relevant proofs at their command and, when necessary, independently to take steps to get the facts, as, for example, when the record made by the parties is unsatisfactory or there is reason to doubt the reliability of the proofs as a basis for decision or the agency in any case has reason to believe that additional facts obtained and made part of the record on its own initiative will contribute to a correct result." 90 Ariz. at 355, 367 P.2d at 959.

As we have noted previously the claimant was not represented by counsel before the Commission. He responded openly to the questions which were asked of him. The Commission did not pursue the facts which, as indicated in its conclusions of law, it deemed necessary to determine whether he was actively seeking work or not.

 A.R.S. § 23–681, subsec. D empowers the Superior Court, on review, to "remand the case for further proceedings." Since, in our opinion, the claimant's testimony and the exhibit added nothing to the record certified by the Commission, we hold that on appeal, in reviewing the identical record, we are permitted to exercise the same authority that is granted by the above cited subsection.

The issuance of the mandate in relation to this opinion will constitute an order vacating the judgment of the Superior Court and remanding this cause to the Employ-

ment Security Commission for proceedings not inconsistent with this opinion. These proceedings shall afford the claimant the full opportunity to explain the steps he took to obtain employment. The Commission shall direct questions to the claimant which will enable the claimant to understand, and to meet if he can, the tests and guidelines which the Commission deems applicable.

DONOFRIO, P. J., and CAMERON, J., concur.