Cheshire
No. 7105

Dorothy E. Vincent

v.

New Hampshire Department of Employment Security & a.

August 29, 1975

*New Hampshire Legal Assistance (Mr. Raymond J. Kelly)*, by brief and orally, for the plaintiff.

*Joseph Stewart*, by brief and orally, for the defendant New Hampshire Department of Employment Security.

DUNCAN, J. This case raises the question whether a claimant for unemployment compensation who is unsuccessful before a lower tribunal may recover from the State the costs of appeal upon obtaining favorable review. RSA ch. 282 (1966). In 1971, plaintiff was denied unemployment compensation on the ground that she had voluntarily terminated her employment, and this decision was upheld by the superior court. In *Vincent v. State*, 113 N.H. 383, 308 A.2d 526 (1973), this court set aside that verdict and remanded the matter for a determination of whether plaintiff had been available for work as required by RSA 282:3-C (1966). *Id.* at 387, 308 A.2d at 528. On remand, the superior court found for the plaintiff and awarded her full benefits of $814. Several months thereafter plaintiff filed a motion for costs in the amount of $250 for printing the reserved case and the cost of the transcript which she incurred on the first transfer to this court. After hearing on September 11, 1974, the Superior Court (*Loughlin*, J.) granted the motion and defendant filed this bill of exceptions. RSA 490:10 (1968).

RSA 282:13-B (Unemployment Compensation, Protection of Rights and Benefits) provided that "[n]o individual claiming benefits shall be charged fees of any kind in any proceeding under this chapter by the commissioner of the department of employment security, or his representatives or any court or any officer thereof." Laws 1937, 178:1; *see* RSA 282:13-B (Supp. 1973). The nature and extent of the "fees" proscribed by this directive are not particularized.

While RSA 282:13-B (1966) requires the waiver of fees, it does not authorize the awarding of fees as costs against the adverse party. Although plaintiff argues that charging such expenses as costs to the State would be financially expedient, since they will merely be passed on to the federal government, this affords no ground for implication that they should be treated as costs of

court. *Employment Security Comm'n v. Doughty,* 13 Ariz. App. 494, 496, 478 P.2d 109, 111 (1970). The statute makes it clear that any agency of the department or any court or officer thereof normally charging "fees of any kind" must forego charges from which claimants are made exempt by the statutory provision. *Sweeney v. Board of Review,* 43 N.J. 535, 544-45, 206 A.2d 345, 350 (1965).

*Exception sustained.*

All concurred.