Hillsborough
No. 7545

CARL H. SMITH

v.

BENJAMIN C. ADAMS, COMMISSIONER,
DEPARTMENT OF EMPLOYMENT SECURITY, & a.

February 28, 1977

*New Hampshire Legal Assistance, Barbara Sard,* of Manchester and *Raymond J. Kelly,* of Keene (*Ms. Sard* orally) for the plaintiff.

*Edward F. Smith, Andre J. Barbeau, Michael M. Black, Paul V. Kenneally, Robert L. Hermann, Jr.,* and *Lonnie E. Siel* (*Mr. Barbeau* orally) for the New Hampshire Department of Unemployment Security.

PER CURIAM. This case raises the question whether a claimant for unemployment compensation, who is exempted by statute from the payment of "fees of any kind" in any proceeding under RSA ch. 282, is thereby relieved of the cost of reproducing the case for transfer to the supreme court, including preparation of the stenographic transcript of the earlier proceedings. The plaintiff, discharged from his employment with the Chicopee Manufacturing Company, filed a timely claim for benefits which was disallowed.

This finding was affirmed by the appeal tribunal of the department of employment security and the superior court.

In order to pursue his appeal to this court, as the plaintiff now seeks to do, the printing or reproduction of the reserved case or bill of exceptions and appendices, including a transcript of the superior court trial, is necessary. RSA 491: App. R. 73 (Supp. 1975); 525:18. The Superior Court (*King*, J.) granted the plaintiff's motion that filing fees be excused, but ruled that the cost of printing the reserved case and of preparing the transcript was not included within the direction of RSA 282:13 B (Supp. 1975) that "fees of any kind" be waived.

In *Vincent v. New Hampshire Department of Employment Security,* 115 N.H. 485, 343 A.2d 640 (1975), we held that the expense of printing the reserved case and preparing the transcript was not recoverable by a successful claimant as costs awarded against the adverse party. However, if these expenses constitute "fees of any kind" charged by "any court or any officer thereof," then these fees must be waived. RSA 282:13 B (Supp. 1975); *Vincent v. New Hampshire Department of Employment Security,* 115 N.H. at 487, 343 A.2d at 641.

Transcripts of superior court proceedings are prepared by stenographers appointed by the court. RSA 519:26, :28, :31. A schedule of prices for transcripts and copies furnished to the parties are fixed by the court, and are designated as "Fees for Transcripts." RSA 519:30; Rule 3–7, Administrative Rules of the Superior Court. Prior to the transfer of a case to the supreme court, the party liable must pay to the clerk of the superior court the estimated transfer expenses, including the cost of preparing the transcript. RSA 491: App. R. 73 (Supp. 1975). The cost of printing or reproducing the reserved case and appendix is also included as a transfer expense which must be paid to the clerk of the superior court prior to transfer to the supreme court. *Id.* In addition the clerk must be paid $25 for supervising the printing of the appendix. RSA 491: App. R. 74 (Supp. 1975). All of the foregoing are charges for services rendered and are therefore considered to be "fees." *Sweeney v. Bd. of Review, Div. of Employment Sec.,* 43 N.J. 535, 543, 206 A.2d 345, 349 (1965). All are imposed by the court or by an officer thereof.

It has been recognized that the legislative intent in proscribing "fees of any kind" in unemployment compensation cases is to assist claimants in the prosecution of their claims and to relieve them

from the burden of paying charges disproportionately high in relation to the benefits to be gained. *Sweeney v. Board of Rev., Div. of Employment Sec.*, 43 N.J. 535, 544, 206 A.2d 345, 350 (1965). Accordingly, we hold that the charges for preparing the transcript, for printing or otherwise reproducing the reserved case and appendix, and for supervising the latter, are all "fees of any kind" which are to be waived as a matter of right under RSA 282:13 B (Supp. 1975).

*Exception sustained; remanded.*

DOUGLAS, J., did not sit.