621 P.2d 945

**Annie L. WAFER, Plaintiff/Appellant,**

**v.**

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Defendant/Appellee.**

**No. 2 CA–CIV 3550.**

Court of Appeals of Arizona, Division 2.

Dec. 30, 1980.

McCarthy & Sandman by Kathleen Alistair McCarthy, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Joan Mendelson, Asst. Atty. Gen., Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

This is an appeal from a summary judgment entered in favor of appellee, Arizona Department of Economic Security (DES) and against appellant, Annie Wafer. The facts necessary for a determination of this matter are as follows.

Appellant was employed by Second Forty Survival, Inc. in Tucson, as an outreach worker. Her wages were paid from funds provided by the federal government under the Public Service Employment program of the Comprehensive Employment Training Act (CETA). After these funds were exhausted, appellant's employment terminated and she filed a claim for unemployment compensation on October 1, 1978. The claim was denied by a deputy of DES and referred to an appeal tribunal which, after a hearing, affirmed the deputy's denial. The denial was again upheld by the director of DES on January 31, 1979, at which time appellant sought review in the Superior Court of Pima County.

The issue on appeal is whether the record made before DES contained sufficient evidence to support its denial of unemployment compensation. We hold that it did and affirm.

At the determination hearing before the appeal tribunal, appellant introduced into evidence a booklet given to her at the inception of her employment with Second Forty Survival, describing its policy concerning unemployment compensation benefits. The pertinent part of the booklet stated: "All employees will be covered for unemployment compensation under the Employment Security Law of Arizona." 29 U.S.C. 824(k), the statute governing CETA funded programs, states that all persons employed in public service jobs shall be entitled to unemployment benefits to the same extent as other employees doing similar work. There was no evidence here that there were employees other than CETA employees working at Second Forty Survival.

A.R.S. Sec. 23–615(6)(d)(v) of the Arizona Employment Security Laws, provides:

"(d) For purposes of this paragraph, the term 'employment' does not apply to service performed:

(v) As part of an unemployment work-relief or work-training program assisted or financed in whole or in part by any federal agency or an agency of a state or political subdivision thereof, by an individual receiving such work-relief or work-training; ..."

In its findings of fact and conclusions of law, the tribunal found that:

"During her base period this claimant's only employment was with an organization engaged in work-training programs, financed by a federal agency. We therefore concur with the deputy's determination, and find that she was ineligible to receive unemployment insurance benefits, from October 1, 1978 through November 18, 1978, the extent of our jurisdiction in this case."

The trial court's scope of review in the instant case is limited to deciding whether the administrative action was illegal, arbitrary, capricious or involved an abuse of discretion. *Schade v. Arizona State Retirement System*, 109 Ariz. 396, 510 P.2d 42 (1973). Its determination, like ours on ap-

peal, is confined to a review of the record made before the appeal tribunal. See *Employment Security Commission v. Doughty*, 13 Ariz.App. 494, 478 P.2d 109 (1971).

We have reviewed the record carefully to determine whether the evidence is of a substantial nature to support the trial court's finding and hold that it is. Appellant testified to the effect that training sessions were held for those who entered the program and that her position as an outreach worker was part of the CETA work-training program.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.