**H. W. SHONTZ, d/b/a Shontz Body Shop, Appellant,**

v.

**IOWA EMPLOYMENT SECURITY COMMISSION, Appellee.**

No. 2-57685.

Supreme Court of Iowa.

Dec. 15, 1976.

Clarence A. Glotfelty, of Stevens, Glotfelty & Roeder, Davenport, for appellant.

Walter F. Maley and B. H. Dewey, Des Moines, for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

This is an appeal by an employer from a district court judgment upholding an award of unemployment benefits. The question presented is whether the facts establish a basis for the award. Inadequacy of the record made in the administrative process prevents us from reaching that question. We reverse and remand the case to the employment security commission for further proceedings.

Claimant Norbert J. Shannon was employed by plaintiff H. W. Shontz, d/b/a Shontz Body Shop, as an automobile body repairman. In July 1972 claimant suffered a heart attack off the job. During his period of recuperation he suffered a second attack. On January 15, 1973, he had recovered to the extent his physician released him to return to work on the condition the job be sedentary and involve little walking or effort. He was afflicted with arteriosclerotic heart disease manifested by angina on walking and mild effort. Although claimant's prior position with Shontz was available, Shontz did not have any job available involving light work which would suit claimant's disability. As a result, claimant was unable to return to work with Shontz.

He promptly made a claim for unemployment benefits with defendant Iowa Employment Security Commission. Notified of the claim, Shontz protested its allowance on a form provided by the commission, alleging "This man had a heart attack off the job. Do not see where I would be liable." A claims deputy allowed the claim. Upon appeal, a hearing officer affirmed the deci-

sion, and upon further appeal the commission also affirmed the decision. Shontz then petitioned for review in the district court pursuant to § 96.6(8), The Code, where the decision of the commission was sustained. This appeal followed. All statutory references herein are to the 1973 Code.

Shontz contends the evidence does not support the award. He asserts it is undisputed that claimant left his employment because of a disability caused by heart attacks off the job not shown to have been caused by his work. Therefore, he argues, claimant left his work voluntarily without good cause attributable to his employer within the meaning of § 96.5(1), The Code. In pertinent part, § 96.5(1) provides:

An individual shall be disqualified for benefits:

1. *Voluntary quitting.* If he has left work voluntarily without good cause attributable to his employer, if so found by the commission. But he shall not be disqualified if the commission finds that:

\*  \*  \*  \*  \*  \*

d. He left his employment because of illness or injury upon the advice of a licensed and practicing physician, and upon knowledge of the necessity for such absence immediately notified his employer, or his employer consented to such absence, and after recovering from such illness or injury when recovery is certified by a licensed and practicing physician, he returned to his employer and offered his service and his regular work or comparable suitable work was not available, if so found by the commission, provided he is otherwise eligible.

The commission contends Shontz cannot rely on this ground of disqualification because he did not assert it before the hearing officer. This contention is based on the theory that Shontz's protest was insufficient to alert the hearing officer to the fact he was relying on this provision.

■ The hearing officer thought Shontz was relying on § 96.4(3), The Code. That provision makes an unemployed person eligible to receive benefits only if "[h]e is able

to work, is available for work, and is earnestly and actively seeking work." Although a claimant cannot qualify for benefits unless he is able to work and available for work, he may be disqualified for benefits under § 96.5(1) even when he meets that condition. Shontz had employed counsel to represent him at the hearing. However, the hearing was continued at claimant's request, and the hearing officer failed to honor an assurance made to Shontz's lawyer to notify him of the new hearing date. Shontz, who did receive notice, failed to notify his lawyer until too late.

As a result, claimant was the only person who appeared at the hearing. The hearing consisted entirely of interrogation of claimant by the hearing officer. The hearing officer, because of his misunderstanding of the ground of Shontz's appeal, developed evidence only on the issue of claimant's ability to work and availability for work under § 96.4(3), The Code. He allowed the claim on that ground. He did not take evidence or pass on the issue of claimant's alleged disqualification under § 96.5(1).

After Shontz's appeal from the hearing officer's decision, his counsel wrote the commission specifically directing the commission's attention to Shontz's reliance on § 96.5(1), citing authorities, and requesting a new hearing, the opportunity to present additional evidence, or reversal of the hearing officer's decision. The commission had the power "[to] affirm, modify, or set aside" the hearing officer's decision "on the basis of the evidence previously submitted in such case" or "direct the taking of additional evidence." § 96.6(5), The Code. In this instance the commission, like the hearing officer, did not respond to the issue posed by Shontz's reliance on § 96.5(1). Instead, it affirmed the hearing officer's decision on the ground claimant was able to work and available for work.

■ Considering the informality of the administrative proceedings, the language of Shontz's protest, "This man had a heart attack off the job. Do not see where I would be liable," and the presumed familiarity of the hearing officer with requisites

for qualification and grounds of disqualification, we find Shontz's protest should have sufficiently alerted the hearing officer to his reliance on § 96.5(1). But the hearing did not address that issue. Against this background, the commission erred when it did not direct the taking of evidence on that issue after being notified of the problem by Shontz's counsel.

We think the issue of claimant's possible disqualification was properly before the hearing officer and the commission. However, because they apparently did not think so, they heard no evidence on the issue and did not decide it.

Recognizing the possibility we would reach this point in our review, the commission contends the undisputed facts show as a matter of law that claimant was not disqualified under § 96.5(1). We do not agree. In fact, no evidence was presented to the hearing officer to show that claimant's illness was "attributable to his employer" within the meaning of § 96.5(1), and it is obvious that he did not come within the exception in § 96.5(1)(d).

■ Voluntary quitting is not attributable to an employer when it is caused by illness not connected to the employment. In *Wolf's v. Iowa Employment Security Commission,* 244 Iowa 999, 59 N.W.2d 216 (1953), the claimant had quit and moved to a warmer climate because of a sinus condition. In upholding a commission order disqualifying her from benefits, the court said:

> "There are several decisions under the many statutes similar * * * to ours that an employee is not disqualified for benefits by leaving work due to illness caused by the employment or directly incident thereto. * * * But no decision of an appellate court has come to our attention which holds, under a statute like ours, that leaving work due to illness not directly incident to the employment does not disqualify the employee for unemployment benefits." 244 Iowa at 1003, 59 N.W.2d at 218.

The same principle was applied in *Moulton v. Iowa Employment Security Commission,* 239 Iowa 1161, 34 N.W.2d 211 (1948) (claimant quit because of pregnancy).

Another line of cases, relied on by the commission, supports the principle that when factors or circumstances directly connected with employment aggravate or cause illness or injury to an employee which makes it impossible for him to continue in the employment, quitting for this reason is for good cause attributable to the employer, even though the employer is free from fault. *McComber v. Iowa Employment Security Commission,* 254 Iowa 957, 119 N.W.2d 792 (1963) (claimant worked with woolen materials to which she developed an allergy); *Raffety v. Iowa Employment Security Commission,* 247 Iowa 896, 76 N.W.2d 787 (1956) (claimant contracted jaundice attributed to an on-the-job back injury); *Forrest Park Sanitarium v. Miller,* 233 Iowa 1341, 11 N.W.2d 582 (1943) (claimant nurse developed nervous condition when moved from day to night shift); *Bussmann Mfg. Co. v. Industrial Com'n of Missouri,* 327 S.W.2d 487 (Mo.App.1959) (claimant quit because operation of a solder-cutting machine caused a nervous condition); *Department of Industrial Relations v. Henry,* 42 Ala.App. 573, 172 So.2d 374 (1964), cert. denied, 277 Ala. 698, 172 So.2d 378 (claimant quit because lifting and climbing on his job aggravated his emphysema); *McComb v. Unemployment Compensation Board of Review,* 179 Pa.Super. 424, 116 A.2d 92 (1955) (claimant with arthritis of the spine quit because bus driving job made him too nervous).

■ These authorities demonstrate that a claimant who quits voluntarily because of disability is disqualified from benefits under § 96.5(1) unless he proves his disability was either caused or aggravated by factors and circumstances associated with the employment.

■ In this case, because the hearing officer and commission misapprehended or ignored Shontz's ground of protest and appeal, claimant and Shontz were not accorded a full and fair opportunity to present evidence on this issue. It would be inappro-

priate to attempt to decide the issue on the present record.

 The record contains the initial statement made by claimant in support of his claim. In it he said, "I was advised by my doctor prior to my heart attack that the work was harmful." This statement indicates he does not concede his heart condition was not work related. It is well established that a heart injury may be caused by employment activity. See *Sondag v. Ferris Hardware,* 220 N.W.2d 903 (Iowa 1974). Claimant should have the opportunity to make such a showing.

We learned during submission of this case that Shontz is no longer in business and the case may be moot. Upon remand, if the commission determines the case is moot, it may dismiss Shontz's appeal on that basis. However, if the case is not moot, the commission shall accord claimant and Shontz an opportunity to present evidence relating to Shontz's allegation that claimant is disqualified for benefits under § 96.5(1) and shall proceed to make findings of fact and conclusions of law and determine whether claimant is disqualified for benefits on that ground.

REVERSED AND REMANDED TO THE COMMISSION FOR FURTHER PROCEEDINGS.