Edward L. HUNTOON, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICES and Warren County Sheriff's Department, Appellees.

No. 61998.

Supreme Court of Iowa.

Feb. 21, 1979.

Robert C. Oberbillig, Des Moines, for appellant.

Walter F. Maley and Blair H. Dewey, Des Moines, for appellee Iowa Dept. of Job Services.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK and LARSON, JJ.

McCORMICK, Justice.

This appeal involves review of an Iowa Department of Job Services decision disqualifying Edward L. Huntoon from nine weeks of unemployment compensation because he was discharged for misconduct from his position as Warren County chief deputy sheriff. Huntoon contends the district court erred in failing to remand the case to the department for further hearing and a determination whether his discharge was due to incapacity caused by alcoholism. He argues that the department denied him a fair hearing on this issue. He did not ask the district court to remand the case nor did he attack the fairness of the hearing in that court. The district court affirmed the department, and we affirm the court.

Huntoon was chief deputy sheriff of Warren County. In the afternoon of Saturday January 17, 1977, his day off, he obtained permission from Sheriff William Matthews to take two trustees from the county jail to a movie and dinner. He picked the men up at approximately 7:00 p. m. Instead of taking them to a movie, he took them to the home of deputy Ellen King who served beer to the three men. Huntoon had been drinking earlier at the sheriff's home and at a tavern. He fell asleep at King's, and King took the two prisoners back to the jail. She let them out of her car, but instead of going to the jail they went to a tavern for more drinking. When the prisoners later returned to the jail, they caused

a commotion which came to the attention of the sheriff.

Huntoon was suspended for 30 days pending an investigation. He entered an alcoholism treatment facility. The sheriff later decided to fire him, but Huntoon agreed to resign rather than go through a dismissal proceeding.

He subsequently applied for unemployment compensation. The county resisted his claim on the ground he "quit voluntarily without good cause attributable to his employer." See § 96.5(1), The Code.

The claims deputy held that Huntoon had been discharged for misconduct and disqualified him for five weeks of benefits under § 96.5(2)(a), which provides for forfeiture of one to nine weeks benefits for a discharge due to misconduct.

Upon appeal by Huntoon, a hearing officer affirmed the decision of the claims deputy but increased the disqualification to the nine-week maximum.

Although Huntoon alleged his actions were due to alcoholism, the hearing officer held alcoholism did not excuse his misconduct.

Huntoon appealed the hearing officer's decision, alleging in his written brief and argument that he was being punished for being sick and for not seeking treatment sooner. He said, "I submit that no penalty should be imposed since the conduct responsible for the loss of my job was the direct product of my illness." The departmental appeal board affirmed the hearing officer's decision.

Huntoon then petitioned for judicial review in district court. He had not been represented by a lawyer before the department, but he brought his district court action through his present counsel. In his petition he alleged that the acts considered by the department did not constitute misconduct because they resulted from incapacity. He asked that the court reverse the department's decision.

After submission of the petition on the merits, the district court found substantial support in the record for the findings of fact of the hearing officer. The court noted the record contained Huntoon's testimony he was an alcoholic and voluntarily submitted to treatment but did not provide a sufficient basis for a fair inference that his actions on the night in question were involuntary or the result of incapacity.

In this appeal, Huntoon does not contend the district court erred in finding the record deficient in this respect. However, he contends the court erred in failing to remand the case to the department for additional evidence, alleging he did not have a fair hearing before the hearing officer. He points out that he was unrepresented by counsel until he petitioned for further review in district court, and he maintains that the hearing officer had a duty to elicit evidence bearing on the issue of incapacity when he offered evidence he was an alcoholic.

Delineation of the legal issue involved on the merits of Huntoon's claim may help put his procedural contentions in perspective. The issue arises under § 96.5(2)(a), pursuant to which Huntoon was disqualified for nine weeks of benefits on the ground he had been discharged for misconduct.

■ The department has interpreted misconduct as follows in § 370–4.32(1), IAC:

Misconduct is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards or behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of

inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

This is the meaning which has been given the term in other jurisdictions under similar statutes, and we believe it accurately reflects the intent of the legislature. See 81 C.J.S. Social Security § 222b. See also *Appeal of Moore*, 28 Or.App. 637, 560 P.2d 671 (1977).

Misconduct connotes volition. A failure in good performance which results from inability or incapacity is not volitional and is thus not misconduct.

Huntoon asserts that conduct induced by alcoholism is nonvolitional because alcoholism itself is a disease and thus an involuntary condition. We do not believe the determination of whether alcoholism is a disease is relevant to the inquiry into the volitional nature of the conduct resulting in the employee's discharge. The question is not whether the alcoholism was voluntary but whether the conduct resulting in discharge was voluntary.

Conduct induced by alcoholism may or may not be voluntary in the law, depending upon the degree of impairment caused by the alcoholism. The degree of impairment must be determined under the facts of each case. See *Rosas v. Montgomery*, 10 Cal.App.3d 77, 88 Cal.Rptr. 907 (1970). It is only when the impairment is sufficient to deprive the individual of the ability to abstain from the intoxication-caused work lapse that the individual does not incur the disqualification for misconduct. *Jacobs v. California Unemployment Ins. Appeals B'd*, 25 Cal.App.3d 1035, 102 Cal.Rptr. 364 (1972).

Huntoon alleges he was deprived of the opportunity to show his conduct resulted from incapacity because the district court did not remand the case for further hearing and because he was denied a fair hearing before the department. The difficulty with these contentions is that he did not follow the required procedures to obtain relief for these complaints when he should have done so.

The presentation of further evidence after filing a petition for judicial review of agency action in a contested case is governed by § 17A.19(7), The Code, which provides in relevant part:

Before the date set for hearing a petition for judicial review of agency action in a contested case, application may be made to the court for leave to present evidence in addition to that found in the record of the case. If it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.

Huntoon did not make an application for remand before submission of the case in district court. If he had done so, he could then have asserted his excuse for not having presented the additional evidence before the department, in meeting his burden to show "good reasons for failure to present it in the contested case proceeding before the agency." Huntoon was represented by an attorney. The fact he was unrepresented in the agency proceedings does not explain his failure to follow § 17A.19(7) in district court.

The district court cannot be put in error on issues not presented there. Huntoon did not urge his present procedural contentions in district court and may not make them for the first time here.

Huntoon relies on *Shontz v. Iowa Employment Sec. Commission*, 248 N.W.2d 88 (Iowa 1976). However, in that case the employer had applied to the department for the opportunity to present additional evidence under its authority to direct the taking of additional evidence in an appeal from

a hearing officer's decision. See § 96.6(5), The Code. We held that the hearing officer had been alerted to the issue but had not taken evidence on it. We said, "Against this background, the commission erred when it did not direct the taking of evidence on that issue after having been notified of the problem by Shontz's counsel." Id. at 91. No request to present additional evidence was made either to the department or the district court in the present situation. Therefore the *Shontz* holding is inapposite.

We have no basis to reverse the district court.

AFFIRMED.