Helen F. HEDGES, Petitioner-Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE and Veteran's Administration Medical Center, Respondents-Appellees.

No. 84–685.

Court of Appeals of Iowa.

March 26, 1985.

David L. Dorff, Des Moines, for petitioner-appellant.

Walter F. Maley, Blair H. Dewey, Joseph L. Bervid, and Deborah A. Dubik of Dept. of Job Service, Des Moines, for respondents-appellees.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ.

DONIELSON, Presiding Judge.

Petitioner appeals from the district court decision on judicial review affirming her disqualification from receipt of unemployment benefits. She asserts that substantial evidence fails to support a finding that she voluntarily left her employment without due cause attributable to her employer. Petitioner also asserts that she was sufficiently recovered from her injuries so as not to be disqualified from benefits under section 96.5(1)(d) of the Code. We affirm.

Petitioner Helen F. Hedges worked full time as a nursing assistant at the Veteran's Administration Medical Center (hereinafter referred to as V.A.) from November 1979 until May 1982, at which time she procured a medical leave of absence. Ms. Hedges returned to work for two days in August 1982, after which she was again granted a medical leave of absence for an emotional problem and a heart ailment. On November 19, 1982, Ms. Hedges returned to work, but the V.A. refused to reinstate her because her physician had released her return to work upon a restriction that she avoid

lifting anything in excess of thirty pounds. Ms. Hedges appeared willing to violate her physician's orders, but the V.A. refused to allow her return, stating that no comparable work was available in view of her restriction.

A claims deputy denied Ms. Hedges' application for unemployment benefits on the ground that she had voluntarily left her employment without good cause attributable to her employer. On appeal, Ms. Hedges testified before a hearing officer without counsel. The hearing officer questioned Ms. Hedges as to what necessitated her medical leave and the nature of her medical problem, but did not ask whether those problems were employment related. The hearing officer determined that Ms. Hedges voluntarily left her employment without good cause attributable to the employer. The Job Service Appeal Board affirmed the denial of benefits.

On petition for judicial review, Ms. Hedges asserted that there was insufficient evidence to support the Job Service's determination, and that the hearing officer did not fully develop the record. The district court, finding that no evidence was presented to the hearing officer to alert him that Ms. Hedges was claiming a causal relationship between her employment and medical condition, affirmed the Job Service action. Ms. Hedges has appealed.

■ The principles governing review of administrative decisions are set forth in *Gipson v. Iowa Dep't of Job Service,* 315 N.W.2d 834, 836 (Iowa Ct.App.1981). Our review is limited to a determination of whether the district court made an erroneous decision as a matter of law when it exercised its power under section 17A.19 of the Iowa Code. *Id.* (citing *Jackson County Public Hospital v. PERB,* 280 N.W.2d 426, 429 (Iowa 1979)). Section 17A.19 limits district court review to a determination of whether the agency committed any errors of law as specified in section 17A.19(8). Thus, to determine whether the district court properly exercised its judicial review, we must apply the standards of section 17A.19(8) to the agency's action "to determine whether this court's conclusions are the same as those of the district court." *Id.* (citing *Jackson County,* 280 N.W.2d at 429–30).

■ The crucial question on appeal is whether the agency's determination that Ms. Hedges voluntarily left her employment without good cause attributable to her employer is supported by substantial evidence. Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *McConnell v. Iowa Dep't of Job Service,* 327 N.W.2d 234, 236 (Iowa 1982). "The mere possibility that the record would support another conclusion does not permit the district court or this court to make a finding inconsistent with the agency findings so long as there is substantial evidence to support it." *Peoples Memorial Hospital v. Iowa Civil Rights Comm'n,* 322 N.W.2d 87, 91 (Iowa 1982) (citing *Woods v. Iowa Dep't of Job Service,* 315 N.W.2d 838, 841 (Iowa Ct.App. 1981).

Ms. Hedges contends that there is a substantial lack of evidence in the record to support the determination that her separation from the V.A. was voluntary and without good cause attributable to her employment, and that she was sufficiently recovered within the meaning of Job Service rules to render her separation involuntary. We disagree.

■ Section 96.5(1) of the Iowa Code provides that an individual will be disqualified for benefits "[i]f he or she has left his or her work voluntarily without good cause attributable to his or her employer, if so found by the department." Therefore, unless a claimant "proves his disability was either caused or aggravated by factors and circumstances associated with the employment," a claimant who quits voluntarily because of injury or illness will be denied benefits under section 96.5(1). *Shontz v. Iowa Employment Sec. Commission,* 248 N.W.2d 88, 91 (Iowa 1976).

Section 96.5(1), however, also provides a number of exceptions to the above stated rule. Pertinent to the case at bar is 96.-

5(1)(d), which provides that a person will not be disqualified from receiving benefits if:

> d. The individual left employment because of illness, injury or pregnancy upon the advice of a licensed and practicing physician, and upon knowledge of the necessity for absence immediately notified the employer, or the employer consented to the absence, and after recovering from the illness, injury or pregnancy, when recovery was certified by a licensed and practicing physician, the individual returned to the employer and offered to perform services and the individual's regular work or comparable work was not available, if so found by the department, provided the individual is otherwise eligible.

Ms. Hedges contends that she falls within this exception because she was certified by her physician as recovered subject to a lifting restriction, she was eligible to return to work and offered her services, and the V.A. refused her offer because no comparable work could be found. Ms. Hedges asserts that the word "recovery," for purposes of section 96.5(1)(d) is not synonymous with being able to perform all aspects of former employment when an employee returns to work. We disagree.

■■■ Section 96.5(1) does not define the word "recovery." Ordinarily, words used in a statute are to be given their ordinary meaning in the absence of persuasive reasons to the contrary. *Burns v. Alcala*, 420 U.S. 575, 580, 95 S.Ct. 1180, 1184, 43 L.Ed.2d 469, 475 (1975); *Welp v. Iowa Dep't of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983); *State v. White*, 319 N.W.2d 213, 215 (Iowa 1982). The interpretation of a statute is a judicial, not a legislative function. *Schwarzkopf v. Sac County Bd. of Sup'rs*, 341 N.W.2d 1, 6 (Iowa 1983). In interpreting statutes, our ultimate goal is to ascertain and give effect to the intention of the legislature. *Kohrt v. Yetter*, 344 N.W.2d 245, 246 (Iowa 1984). Therefore, unless the legislature otherwise defines them, we must ascribe to statutory terms their ordinary meaning. *State v. Jackson*, 305 N.W.2d 420, 422 (Iowa 1981).

In the present case, we find, in construing section 96.5(1)(d) as a whole, that the legislature was attempting to address the situation where an employee, who was certified as being fully recovered, returned to her employment following a leave of absence only to find that her position was no longer open. In such a case, the employee would be eligible for unemployment benefits. Ms. Hedges, however, by her own testimony admitted that she was not fully recovered from her heart ailment, and that her former position had remained open to her at all times. It was not until after Ms. Hedges had offered to return to work subject to the lifting restriction that the V.A. determined there was no work available for her due to the lifting restriction.

While the Iowa Supreme Court has not heretofore been presented the opportunity to decide this issue, several other jurisdictions have construed statutes comparable to Iowa's. In *Baker v. Unemp. Comp. Bd. Review*, 18 Pa.Commw. 503, 336 A.2d 671 (1975), the claimant was employed as a microphotography machine operator for over five years, but on the advice of her physician, sought lighter work from her employer due to her allergies and hypertension. The physician had restricted her working hours, and advised her not to seek work that required standing or heavy lifting. *Id.* at 505, 336 A.2d at 673. Claimant's employer informed her that due to her physician's restrictions and prior training, no comparable work was available. On appeal from a denial of unemployment benefits, the Commonwealth Court of Pennsylvania held that claimant did not come within the purview of 43 P.S. §§ 801(d), 802(b)(1), which provide that a claimant must be eligible for suitable work in order to collect unemployment benefits. *Id.* at 507, 336 A.2d at 674. The court noted that while an employee's physical condition might prevent him or her from continuing previous employment, the employee may still be available for other types of work, and therefore be eligible for benefits. *Id.* The *Baker* court, however,

found that while the claimant had made out a prima facie presumption of her availability for work, that presumption was rebutted by the letter from claimant's physician, which restricted her to only light work. *Id.* Thus, the *Baker* court concluded that the Unemployment Compensation Board correctly considered the physician's restrictions of claimant's continuing disability. *Id.*

A similar result was reached in *Department of Industrial Relations v. McLeod,* 55 Ala.(Civ.)App. 152, 314 So.2d 72 (1975). In *McLeod,* the claimant had suffered a heart attack while off duty. *Id.* at 153, 314 So.2d at 73. Claimant was released to return to work, but worked only one full day, at which time he again applied for a leave of absence. *Id.* The employer stated that no "light" work was available to claimant at the time because he did not know what restrictions had been placed upon claimant. *Id.* In considering claimant's appeal of the denial of unemployment benefits, the court noted that while the claimant claimed he was qualified to do several jobs, he had offered no evidence to prove that he was physically able to do these jobs. *Id.* at 155, 314 So.2d at 75. The court held that "it is required that he be physically able to do the work as well as being qualified to do it." *Id.* The *McLeod* court, however, held that claimant had not voluntarily left his employment because claimant's position had been terminated prior to the end of his leave of absence, and was therefore not voluntary. *Id.,* 314 So.2d at 76.

■ Pursuant to the foregoing discussion, we believe a fair and reasonable interpretation of section 96.5(1)(d) compels us to conclude that unemployment benefits will be afforded under that exception where a claimant is fully recovered and his former position was not held open upon his return.

Ms. Hedges relies on *McComber v. Iowa Employment Security Commission,* 254 Iowa 957, 119 N.W.2d 792 (1963) and *Raffety v. Iowa Employment Security Commission,* 247 Iowa 896, 76 N.W.2d 787 (1956) for support. However, these cases are not helpful because they were decided before 96.5(1)(d) was adopted, and therefore do not involve the issue before this court.

Ms. Hedges also contends that the Job Service hearing officer did not fully develop the record as to all the issues, implying that she was denied due process of law.

■ The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32 (1976) (citing *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965)); *Carr v. Iowa Employment Security Commission,* 256 N.W.2d 211, 214 (Iowa 1977); *Hearth Corporation v. C–B–R Development Co., Inc.,* 210 N.W.2d 632, 637 (Iowa 1973). While these principles are immutable to our jurisprudence, "the full panoply of procedural due process rights is not necessary for an administrative hearing to pass constitutional muster...." *Carr,* 256 N.W.2d at 214.

■ Ms. Hedges was not represented by counsel at the hearing. Section 17A.12(4) of the Code provides that "[o]pportunity shall be afforded all parties to respond and present evidence and argument on all issues involved and to be represented by counsel at their own expense." Ms. Hedges was fully informed of that right on the notice of hearing, but apparently chose to represent herself at the hearing.

The hearing officer questioned Ms. Hedges about the nature of her medical problems, the affect her medical restriction had on her employment at the V.A., whether her position would have been open had there not been a lifting restriction, and her subsequent search for alternative employment. In addition, the hearing officer on three separate occasions asked Ms. Hedges whether she had anything else to add. At no time did Ms. Hedges raise the causal relationship between her injury and employment. Clearly, Ms. Hedges was provided sufficient notice and opportunity to be heard.

Ms. Hedges cites *Shontz v. Iowa Unemployment Security Commission,* 248 N.W.2d 88 (Iowa 1976), for support. In *Shontz,* the claimant, who had suffered a heart attack off the job, was released with a restriction that he do little walking. *Id.* at 89. Although the claimant's position was open to him, the employer refused to reinstate him because he had no light work available. *Id.* Upon appeal of the denial of unemployment benefits, the hearing officer, misunderstanding the nature of claimant's appeal, passed judgment only as to section 96.4(3) of the Code, which provides for benefits only if a claimant is able, actively and earnestly seeking work, and did not pass on the issue of claimant's alleged disqualification under section 96.5(1). *Id.* at 90. Because the claimant was not afforded the opportunity to make a showing that his heart condition was work related, the Iowa Supreme Court remanded the case to afford claimant the opportunity to present evidence relating to his section 96.-5(1) claim. *Id.* at 92.

In the case at bar, however, Ms. Hedges was given a full opportunity to present evidence on both section 96.4(3) and section 96.5(1) claims. Furthermore, though the Iowa Supreme Court remanded the *Shontz* case, the court also found that "no evidence was presented to the hearing officer to show that claimant's illness was 'attributable to his employer' within the meaning of § 96.5(1), and it is obvious that he did not come within the exception in § 96.-5(1)(d)." *Shontz,* 248 N.W.2d at 91.

▮ In light of this record, it is our opinion that there was substantial evidence to show that Ms. Hedges' separation from the V.A. was voluntary and without good cause attributable to her employer, and that Ms. Hedges was afforded ample opportunities to develop all pertinent issues.

AFFIRMED.