L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from the denial of unemployment benefits.
Albert McNealey was employed by Strickland Paper Company. On June 15, 1993, he was informed that he was being transferred from the receiving department to the shipping department and that his shift would change from the 7:15 a.m. until 3:45 p.m. shift to the 12:00 noon until 8:30 p.m. shift. There was to be no change in pay.
McNealey told his supervisor that he could not change shifts because he had to pick up his child at 5:00 p.m. from day care. McNea-ley refused to work the new shift and did not report back to work.
McNealey stated at trial that he could have made other arrangements for child care, but that it would have cost between $160 and $200 per month to do so. He testified that he could not afford the added expense.
McNealey filed a claim for unemployment compensation. The Alabama Unemployment Compensation Agency issued a determination disqualifying him from unemployment benefits under the provisions of § 25-4-78(2), Code 1975, holding that he voluntarily left employment with Strickland “without good cause connected with such work.”
After unsuccessfully exhausting his administrative appeals, McNealey appealed to the Circuit Court of Jefferson County. At the conclusion of McNealey’s case, the state moved for a directed verdict. The trial court granted the motion, finding that McNealey had failed to meet his burden of proving that his unemployment was for a good cause connected with his work. McNealey appeals.
McNealey asserts that he did not voluntarily leave his employment. He insists that the conditions of his employment changed in such a way as to result in a significant decrease in his compensation. A significant decrease in earnings is regarded as “good cause” for leaving one’s employment. Davis v. Prestwood, 381 So.2d 85 (Ala.Civ.App.1980).
Section 25-4-78(2), provides that an individual will be disqualified from receiving benefits “[i]f he has left his most recent bona fide work voluntarily without good cause connected with such work.”
It is undisputed that McNealey voluntarily terminated his employment. He, therefore, carried the burden of proving that the termination was for good cause connected with his work. Davis v. Hoggle, 392 So.2d 1190 (Ala.Civ.App.1980).
In Davis v. Hoggle, we found that “a reason for voluntary termination, no matter how well justified, will not satisfy § 25-4-78(2) if it is personal and in no way connected with the employment.”
*915 MeNealey voluntarily left his employment because of child care problems. His problems were of a personal nature. Strickland was not obligated to provide or arrange for MeNealey’s child care. MeNealey failed to present any evidence that his child care problems were connected with conditions or circumstances of his employment. Allen v. Stewart, 560 So.2d 1067 (Ala.Civ.App.1990); Davis v. Hoggle.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18~10(e), Code 1975.
AFFIRMED.
All the Judges concur.