Sue Barrett appeals from a summary judgment entered by the Jackson Circuit Court denying her unemployment-compensation benefits on the ground that she quit her employment voluntarily, without good cause connected with her employment.
Barrett was employed as a vending attendant by Five Star Food Service, Inc. ("Five Star"), from August 1992 until October 11, 2004. In 2004, Barrett requested and received three leaves of absence under the Family and Medical Leave Act,29 U.S.C. § 2601 et seq. ("the FMLA") — a five-week leave of absence from May 2, 2004, until June 7, 2004, for a personal health condition; a three-week leave of absence from August 2, 2004, until August 23, 2004, to care for her father; and a leave of absence beginning on September 13, 2004, to care for her father. Barrett and Five Star apparently did not initially set an ending date for this third leave of absence.
On October 5, 2004, Five Star sent Barrett a letter advising her that her leave of absence would be exhausted on October 11, 2004. The letter was sent by certified mail, return receipt requested. Barrett claimed the letter on October 12, 2004, the day after her leave of absence was exhausted. Upon receipt of the letter, Barrett telephoned Five Star to discuss the letter. During that telephone call, Barrett was advised that her leave of absence was exhausted, that her job protection under the FMLA was over, and that her employment had been terminated.
Barrett filed a timely claim for unemployment-compensation benefits with the State Department of Industrial Relations ("DIR"). DIR determined that Barrett was disqualified from receiving unemployment-compensation benefits under Ala. Code 1975, § 25-4-78(2). That Code section provides that an individual shall be disqualified from receiving unemployment-compensation benefits "[i]f he has left his most recent bona fide work voluntarily without good cause connected with such work." Barrett's administrative appeals were denied.
On March 24, 2005, Barrett timely filed this action to appeal the denial of unemployment-compensation benefits. Five Star and DIR filed answers. On June 22, 2005, Five Star and DIR filed a motion for a summary judgment to which was attached an affidavit of Five Star's director of human resources, various notices issued by DIR, and a copy of the October 5, 2004, letter from Five Star to Barrett. Barrett filed an opposition to the summary-judgment motion, to which was attached Barrett's affidavit.
On September 2, 2005, the trial court entered a summary judgment in favor of Five Star and DIR. The trial court considered the issue to be whether Barrett was disqualified from receiving unemployment-compensation benefits because she had voluntarily left her job. The trial court stated:
 "The evidence reflects [that Barrett] took considerable leave from her job with the Five Star Food Service to care for her ailing father which, as noted in the brief for [DIR], was an excellent personal reason. [DIR], however, argues that because she failed to return to work within the time period allowed and failed to notify [Five Star] of her intention to return to work within the necessary time to do so that she voluntarily quit her job.
 "To say that Ms. Barrett Voluntarily' quit her job is stretching the point a bit under the circumstances, in that she did not want to quit her job but was, in fact, terminated for failing to return to work within a designated and required time *Page 1115 
period. Regardless, however, of whether this was truly voluntary or not, it appears to the Court to fall within the limitations of § 25-4-78 of the Code of Alabama [1975,] which burden [Barrett] bore in this matter."
Barrett appeals, contending that the summary judgment was not appropriate because, she says, there was a genuine issue of material fact concerning whether she voluntarily quit her employment. In response, Five Star contends that Barrett voluntarily quit her job when she failed to return to work at the end of her third leave of absence and that caring for her father was not good cause connected with her employment.
 "We review a summary judgment de novo, applying the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. . . . The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990)."
Bailey v. R.E. Garrison Trucking Co., 834 So.2d 122,123 (Ala.Civ.App. 2002).
It is well established that "[t]he Unemployment Compensation Act is . . . intended to be a remedial measure for [the claimant's] benefit. Therefore, it should be liberally construed in favor of the claimant and the [grounds for] disqualification
from benefits should be narrowly construed." Department ofIndus. Relations v. Jaco, 337 So.2d 374, 376
(Ala.Civ.App. 1976). The claimant, however, bears the burden of proving that he or she is qualified under Ala. Code 1975, §25-4-77, to receive benefits and that he or she is not disqualified from receiving benefits under § 25-4-78(2).Jaco, 337 So.2d at 376; and Davenport v. StateDep't of Indus. Relations, 692 So.2d 851, 853
(Ala.Civ.App. 1997).
If Barrett voluntarily quit her employment without good cause connected with her employment, she is disqualified by §25-4-78(2) from receiving unemployment-compensation benefits. The dispositive question in this appeal is whether Barrett voluntarily quit her employment by failing to return to work at the end of her third leave of absence.[1]
This court has held that § 25-4-78(2) disqualifies an employee from receiving unemployment-compensation benefits if "the claimant's loss of employment was attributable to an act of his own volition and thus tantamount to a voluntary leaving."Johnson v. State Dep't of Indus. Relations,447 So.2d 747, 749 (Ala.Civ.App. 1983). The necessary element of volition can be shown by, among other things, the employee's failure to return to work after the end of a leave of absence.Department of Indus. Relations v. McLeod,55 Ala. App. 152, 314 So.2d 72 (Civ.1975). See also Johnson,447 So.2d at 749 (incarceration that causes an employee to miss work is a "voluntary" act that disqualifies the employee from receiving unemployment-compensation benefits); Davis v.Stewart, 410 So.2d 62 (Ala.Civ.App. 1981) (failure to return to work after recovery from an injury disqualified an employee under § 25-4-78(2)a.(1)); and Watkins v. Montgomery *Page 1116 Days Inn, 455 So.2d 23 (Ala.Civ.App. 1984) (the employee's failure to show up for two consecutive assigned shifts after a conflict over scheduling was found to be a voluntary quitting). We note, however, that an excessive number of absences from work does not necessarily constitute a voluntary quitting of employment. Jaco,337 So.2d at 376 (it "would require a very strained interpretation of these facts to hold that the discharge for absenteeism or tardiness was tantamount to voluntarily leaving employment without good cause").
In this case, viewing the evidence in a light most favorable to Barrett, it cannot be said that there is no genuine issue of fact as to whether Barrett voluntarily quit her employment. Barrett and Five Star did not initially specify an ending date for the third leave of absence, and Barrett's employment was terminated before she received actual notice that her leave of absence had ended. Further, Barrett attempted to return to work only one day after the end of her leave of absence. CompareRodriguez v. Arby's, Inc., 709 So.2d 632
(Fla.Dist.Ct.App. 1998) (when the employer fails to inform the employee of the expected ending date of a leave of absence, the employee's absence will not support a finding that the employee voluntarily left employment); McLeod,55 Ala. App. at 156, 314 So.2d at 76 (the employee would have been disqualified had he failed to report to work at the end of a leave of absence; the judgment upholding disqualification from receiving benefits was reversed because the evidence was silent as to the reason for the termination); and Department of Indus.Relations v. Price, 42 Ala.App. 57, 151 So.2d 797 (1963) (employee was not disqualified on the basis that she voluntarily quit her employment when she took an approved leave of absence of indefinite duration and there was no work for her when she returned to work).
Based on the foregoing, we reverse the summary judgment entered by the trial court and remand the cause for further proceedings.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] Barrett does not argue on appeal that caring for her father constituted good cause connected with her employment.See McNealey v. State Dep't of Indus. Relations,664 So.2d 913 (Ala.Civ.App. 1995) (childcare problems are of a personal nature and do not constitute "good cause" for quitting one's employment).